IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2008 FEB 29 A 10: 04

| | |
|---|---|
| LAKEYSHA YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 2:08-CV-148-WHA |
| ) | |
| RUSSELL CORPORATION, a foreign ) | Plaintiff Demands Jury Trial |
| corporation licensed and doing business ) | |
| in Alabama, ) | Complaint for Violations of FMLA |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff Lakeysha Young (hereinafter, "Young"), by and through her attorney of record, and would show unto the Court as follows:

### JURISDICTION AND VENUE

1. Plaintiff files this Complaint and invokes the jurisdiction of this Court under and by virtue of 29 U.S.C. § 2516 (Family and Medical Leave Act of 1993), *et seq.*, and the doctrine of supplemental jurisdiction to obtain declaratory relief and compensatory and punitive damages. Defendant violated Plaintiff's rights as guaranteed by Federal law, more specifically, the Family and Medical Leave Act of 1993.

2. The violations of Plaintiff's rights as alleged herein occurred in Elmore County, Alabama, and were committed within the Northern Division of the Middle District of the State of Alabama.

### PARTIES

3. Plaintiff is an individual and has resided at 103 Southlawn Drive, Montgomery, Alabama at all times pertinent to this cause.

4. Defendant is a Delaware corporation duly licensed to do business in Alabama. Defendant has its principal place of business at 3330 Cumberland Boulevard, Suite 800, Atlanta, Georgia. Defendant's registered agent for the State of Alabama is Clayton Humphries, Jr. 755 Lee Street, Alexander City, Alabama.

5. At all times relevant, Defendant employed more than fifty employees within a seventy-five miles of the work-site for each working day during twenty or more weeks in the preceding calendar year.

6. At the time of the incident relevant to this action, Plaintiff was employed by Defendant at a business located at 3151 Elmore Road, Wetumpka, Alabama.

## STATEMENT OF FACTS

7. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

8. Plaintiff worked for Defendant since approximately August of 2006, and Plaintiff had worked more than 1,250 hours in the twelve months preceding her request for medical leave.

9. On or about November 19, 2007, Plaintiff was instructed by members of Defendant's human resources department to request protection under the Family Medical Leave Act due to Plaintiff's own serious health condition, chronic asthma. Plaintiff completed all necessary forms as instructed by human resources personnel. Plaintiff provided certified documentation of her chronic asthma. Plaintiff said that she would be visiting Dr. Mayes, of Montgomery, Alabama, as her treating specialist physician.

10. Plaintiff suffered from chronic asthma. Plaintiff's chronic asthma incapacitated her to the extent that she was unable to perform the essential duties of her job.

11. On December 15, 2007, Plaintiff was informed by her supervisor that she had been

terminated without cause. The supervisor also informed Plaintiff that she did not qualify for protection under the Family and Medical Leave Act. Plaintiff was given no other or further explanation for her termination.

12. Plaintiff alleges and asserts that such termination was unlawful pursuant to the Family and Medical Leave Act of 1993 (29 U.S.C. § 2615). Plaintiff's termination was discriminatory since such termination was based on Plaintiff's attempted use of her federally protected medical leave rights under the Family and Medical Leave Act.

## CAUSE OF ACTION

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. Statutory damages for lost wages, benefits, and other compensation, plus interest on such sum at the statutory rate, pursuant to 29 U.S.C. § 2617(a)(1)(A)(I) and (ii);

2. Additional liquidated damages in the amount of the above requested award, pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

3. Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to 29 U.S.C. § 2617(a)(1)(B); and

4. Attorney's fees, expert witness fees, and costs of this action, pursuant to 29 U.S.C. § 2617(a)(3), and such other relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED this 28th day of February, 2008.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

_____
Anderson Nelms (NEL022)
Attorney for Plaintiff
Anderson Nelms & Associates, LLC

        847 So. McDonough Street, Suite 100
        Montgomery, Alabama, 36104
        334-263-7733 (voice)
        334-263-7733 (fax)
        andynelms@andersonnelms.com
        ASB-6972-E63K

**Defendant may be served at the following:**

RUSSELL CORPORATION c/o
Registered Agent
CLAYTON HUMPHRIES, JR
755 LEE ST
ALEXANDER CITY, AL  35010

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602004092
Cashier ID: cstrecke
Transaction Date: 02/29/2008
Payer Name: ANDERSON NELMS ASSOCIATES LLC
------------------------------------
CIVIL FILING FEE
 For: ANDERSON NELMS ASSOCIATES LLC
 Case/Party: D-ALM-2-08-CV-000148-001
 Amount:        $350.00
------------------------------------
CHECK
 Remitter: ANDERSON NELMS
 Check/Money Order Num: 1021
 Amt Tendered:  $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

YOUNG V RUSSELL CORP
```