IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LAKEYSHA YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:08CV148-WHA |
| | ) | |
| | ) | (WO) |
| RUSSELL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This case is before the court on a Motion for Summary Judgment (Doc. #11), filed by the Defendant, Russell Corporation, on November 11, 2008.

The Plaintiff has brought a claim against Russell Corporation for violation of the Family and Medical Leave Act ("FMLA") of 1993.

Russell Corporation has moved for summary judgment on two possible theories of a FMLA violation, stating that it was unclear whether Young brings solely a claim for interference with her FMLA rights, or also brings a retaliation claim. The Plaintiff has responded to both theories of relief raised by the Defendant's motion.

For the reasons to be discussed, the Motion for Summary Judgment is due to be GRANTED.

### II. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with

the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

### III. FACTS

The submissions of the parties establish the following facts, construed in a light most favorable to the non-movant:

The Plaintiff, Lakeysha Young ("Young"), began working as a temporary employee at Russell Corporation's Coosa River facility ("Russell") in July 2006. Young was hired by Russell in December 2006. On November 2, 2007, Young was given a verbal warning for excessive incomplete shifts by her supervisor. This warning placed Young on step 1 of the Attendance Policy of Russell, which had been provided to Young when she was hired. Young has a history of asthma. On November 16, 2007, Young experienced difficulty breathing and was treated at the Elmore County Emergency Room. Young was scheduled to work the following day, but could not, due to her condition.

On November 18, 2007, Young brought a note from the emergency room physician stating that Young would need two days off from work. Young was told by human resources to make arrangements for FMLA leave by contacting UNUM Provident ("UNUM"), the company that administers Russell's FMLA plan. Young was also told that the doctor's note would be placed in her file. UNUM sent Young a letter of November 19, 2007, stating that she was required to furnish medical certification before December 4, 2007. Young took the certification to her doctor, Stuart May, sometime after the Thanksgiving holiday.

Young returned to work on November 26, 2007. Young did not submit the Healthcare Provider Certification to UNUM by the deadline. Young received another letter extending the deadline to December 11. This letter provided that unless UNUM received medical certification by December 11, 2007, her "leave will not be approved or designated under the FMLA . . . ."

Defendants' Exhibit 9.  Young did not submit the medical certification by the extended deadline, therefore, Young's absences on November 17, 18, and 21 were unexcused, placing Young on step 4 of the Attendance Policy, and resulting in Young's termination from employment on December 13, 2007.

Young visited Dr. May's office and spoke with a nurse on either December 13, 2007, or some days later.  On December 18, 2007, Dr. May's office faxed the completed healthcare provider certification to UNUM.

## IV. DISCUSSION

Pursuant to the FMLA, subject to the certification requirements of 29 U.S.C. § 2913, "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following: [including] [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D).  Employers "may require that a request for leave ... be supported by a certification issued by the health care provider of the eligible employee." 29 U.S.C. § 2613(a). A certification is sufficient if it states "(1) the date on which the serious health condition commenced; (2) the probable duration of the condition; (3) the appropriate medical facts within the knowledge of the health care provider regarding the condition; ... (4)(B) for purposes of leave under section 2612(a)(1)(D) of this title, a statement that the employee is unable to perform the functions of the position of the employee." 29 U.S.C. § 2613(b).  The Department of Labor regulations interpreting the relevant statutes state that "[i]f the employee never produces the certification, the leave is not FMLA leave." 29 C.F.R. § 825.311(b) (2003); *see also Cash v. Smith*, 231 F.3d 1301, 1307 (11th Cir.2000) (affirming summary judgment where the employee

failed to present evidence that she exercised or availed herself of a protected right under the FMLA because she did not provide the requested certification).

As Russell points out, in *Baldwin-Love v. Electronic Data Systems, Inc.*, 307 F. Supp. 2d 1222 (M.D. Ala. 2004) (Albritton, J.), this court concluded that where an employee failed to provide certification for her absences even after having been given an extension of time in which to do so, she did not avail herself of the protections of the FMLA, and summary judgment was due to be granted as to the employer. *Id.* at 1235. In *Baldwin-Love*, this court reasoned that in considering the balancing of employer's and employees' responsibilities and rights, the court would not extend the regulations governing the setting of time-periods to additional opportunities given by an employer to an employee to submit the required certification. *Id.* at 1233.

Young contends that she can make out a claim for denial of her FMLA rights because she acted with diligence so that the deadline imposed for submitting her certification ought not apply. She also states that she detrimentally relied on the previous extension of time. Young states in her brief that she visited Dr. Mays and gave him the Certification of Healthcare Provider documentation for his completion immediately after the Thanksgiving holidays in 2007. She then states that when she received correspondence dated December 5, 2007 stating that UNUM had not received the certification, she immediately visited Dr. Mays' office and requested that he complete the certification.

The court has carefully reviewed Young's deposition on this point. Young testified that she recalled receiving a letter stating that her medical certification had not been submitted by the deadline, and that the deadline for submitting the certification had been extended to December

11. Young Dep. at page 71: 9-17.  Young was terminated on the 13th of December.  At one point in her deposition she stated that she contacted Dr. Mays' office the same day she was terminated, although she then states that she did not remember exactly and that it could have been a day or so later.  *Id.* at 73: 14-5.  In another portion of her deposition, however, she states that two days after she took the papers, the nurse at Dr. Mays' office called to say that the papers were filled out.  *Id.* at page 72: 19-22.  She picked the papers up and a copy was faxed to UNUM.  *Id.* at 73: 5-8.  Young agreed with the statement that about two days after she visited the doctor's office, she picked up the filled-out papers, which also had been faxed to UNUM, and that the faxed copy indicates that it was faxed on December 18, 2008.  *See* Young Dep. at page 71-74.  Whether Young contacted Dr. Mays' office on the 13th of December or two days before the date they were faxed, which would have been the 16th of December, the letter dated December 5, 2008 informed her that she had an extension of time until December 11, 2008, and she did not contact Dr. Mays until after that date.

One regulation speaks to the standard which applies if an employee cannot give medical certification before leave is taken.  See 29 C.F.R. § 825.305(b).  This regulation has been described as providing for equitable tolling.  *Baldwin-Love*, 307 F. Supp. 2d at 1229 (citing *Rager v. Dade Behring, Inc.*, 210 F.3d 776, 778 (7th Cir. 2000)).  The regulation provides as follows:

> the employee must provide the requested certification to the employer within the time frame requested by the employer (which must allow at least 15 calendar days after the employer's request), unless it is not practicable under the particular circumstances to do so despite the employee's diligent, good faith efforts.

29 C.F.R. § 825.305(b).  In this case, Young seeks to apply this concept not to the original

deadline, but to an extension of that deadline. Even assuming, without deciding, that 29 C.F.R. § 825.305(b) can be applied even after an extension of time has been given by the employer, the court cannot conclude that Young has created a question of fact as to reasonable reliance or diligence. There is no evidence before the court that Young expressed to UNUM any concerns about being able to meet the extended deadline. There is no evidence that Young attempted to meet the extended deadline. The only evidence before the court is that Young was given an extension of time to seek certification and that she, at best, waited until two days after that deadline had passed to follow-up with the doctor from whom she sought the certification. The court must conclude, therefore, that summary judgment is due to be GRANTED as to the equitable tolling theory under the regulation. *See Baldwin-Love*, 307 F. Supp. 2d at 1235 (granting summary judgment as to both interference and retaliation claims for failure of the employer to avail herself of FMLA leave).

The equitable estoppel theory raises an issue not decided in *Baldwin-Love*. *See id.* at 1234 n.9. Here, Young argues that because she was given additional time by UNUM after she missed her first deadline, she reasonably relied on that extension of time in failing to comply with the extended deadline. Another court, in rejecting the application of equitable estoppel to an FMLA claim, stated that "[e]quitable estoppel is a fairness doctrine that prevents one from denying the consequences of his conduct where that conduct induces another to change position in good faith upon the representations made." *Moore v. Sears Roebuck & Co.*, No. 3:06cv255-RV/MD, 2007 WL 1950405 at *9 n. 8 (N.D. Fla. July 2, 2007). The Seventh Circuit has acknowledged that equitable estoppel may have some application where an employer has provided misleading instructions that cause the employee to miss a deadline. *See Townsend-*

*Taylor v. Ameritech Serv. Inc.*, 523 F.3d 815, 817 (7th Cir. 2008).  In this case, there is no evidence of any misleading information on the part of Russell or UNUM.  All Young has pointed to as evidence which supports equitable estoppel is that after UNUM initially extended her deadline, and warned her of the consequences of failing to comply with the new deadline, she failed to follow-up with her doctor within the extended time period.  Even if equitable estoppel could apply in this situation, the court cannot conclude that a question of fact has been created as to such a theory.

## V. CONCLUSION

For the reasons discussed, the Motion for Summary Judgment is due to be and is hereby ORDERED GRANTED.  A Final Judgment will be entered separately.

Done this 29th day of December, 2008.

    /s/ W. Harold Albritton
W.  HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE